**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **C.A. No. 06-508T** |
| | ) | |
| **YEMI KAYODE** | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S APPLICATION FOR WRIT OF RELIEF FROM JUDGMENT**

## I. INTRODUCTION

The Petitioner, Yemi Kayode (Kayode), also known as Oluyemi O. Kayode and Olurotimi Kayode, files this application seeking the issuance of a writ of relief from judgment or, in the alternative, a writ of coram nobis, pursuant to 28 U.S.C. § 1651(a). In his application, Kayode claims that he was wrongly convicted under 8 U.S.C. § 911 of falsely representing himself as a United States citizen. That conviction resulted from Kayode's entry of a guilty plea before this Court on May 11, 1990 followed by the Court's July 12, 1990 imposition of a sentence of one year probation and a two hundred and fifty dollar fine. Kayode now, more than sixteen years later, alleges that he actually did not plead guilty and/or the offense to which he pled was constitutionally vague, thereby invalidating his conviction.

The government contends that Kayode's petition was filed out of time and that his substantive claims are without merit. The

motion may be decided on the pleadings. No hearing is required. The government requests that the motion be denied and dismissed.

## II. TRAVEL AND FACTS

On May 11, 1990, the petitioner appeared before this Court and entered a guilty plea to an indictment charging him with a single count of falsely representing himself as a United States citizen in violation of 8 U.S.C. § 911. The plea colloquy included the prosecutor's description of the charge and the factual basis for that charge, both of which the petitioner stated that he understood and did not dispute. Following the Court's review of the rights that the petitioner was giving up by pleading, the Court confirmed that the petitioner was, in fact, still persisting in his entry of the guilty plea and scheduled the matter for sentencing. The Court then sentenced the defendant on July 12, 1990 to one year probation and ordered him to pay a two hundred and fifty dollar fine. It does not appear that Kayode ever appealed or otherwise challenged his conviction and/or sentence at that time or during the sixteen years that followed.

## III. ARGUMENT

The defendant attempts to characterize his filing as an application for the issuance of some sort of extraordinary writ,

but in reality it is really nothing more than a mislabeled motion under 18 U.S.C. § 2255. When determining whether a motion has been properly named, the courts should look to the subject-matter of the application, not the label placed on it by the applicant. Chambers v. United States, 106 F.3d 472, 475 (2nd Cir. 1997); Tyler v. United States, 929 F.2d 451, 453 (9th Cir.) cert. denied, 502 U.S. 845 (1991); and Solsona v. Warden, 821 F.2d 1129, 1132 (5th Cir. 1987). As the Third Circuit stated in United States v. Lloyd, 398 F.2d 978 (3rd cir. 2005),

> "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255, ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram obis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of Jail Card; the name makes no difference. It is substance that controls,"

Id. At 979-80 (citations omitted).

Here, the substantive allegations contained in the petitioner's filing would be within the scope of § 2255, since it alleges that his conviction is either unconstitutional or otherwise subject to collateral attack, the type of claims specifically referenced in 18 U.S.C. § 2255. Therefore, in spite of the defendant labeling his filing as an application for the issuance of one of two writs, the Court should handle it as a §

2255 motion. When viewed in that light, it becomes clear that petitioner's claims are time barred, in that he filed them more than fifteen years after he completed his one year probationary period.

Since April 24, 1996, 18 U.S.C. § 2255 has required that a defendant bring any claims under that section within one year of one of four events. This one year period of limitations begins to run from either the date the defendant's conviction becomes final; the date that a government imposed impediment to the filing of such a motion is lifted; the date the right claimed was recognized by the Supreme Court; or, the date on which the defendant could have discovered, through the exercise of due diligence, the relevant facts of the claim.

Here, Kayode does not allege that the government impeded his ability to file nor does he attempt to rely on any newly discovered fact or recently recognized constitutional right. As a result, the one year statute should have begun to run from the date that his conviction became final in 1990. Since the one year limitation was not added to the statute until 1996, Kayode would have benefitted from a judicially created grace period, which extended his filing deadline until April 24, 1997. Trenkler v. United States, 268 F.3d 16, 25 (1st Cir. 2001). However, Kayode failed to file his application until November 22, 2006, more than nine years after the grace period ended. Because

the statute of limitations ran before Kayode filed, the Court should dismiss his application.

Even if the Court does not dismiss the application based upon Kayode's failure to file within the period of limitations, his claim still fails because he is not presently in custody. Section 2255 allows the Court to grant a petitioner relief from a federal sentence if, and only if, that petitioner is a prisoner in custody pursuant to that sentence. If that sentence has fully expired at the time the petitioner files his petition, he may not seek relief pursuant to 18 U.S.C. § 2255. Smullen v. United States, 94 F.3d 20, 25-26 (1st Cir. 1996). That prohibition applies even if the petitioner complains that his conviction may result in his deportation or some other collateral consequence. Kandiel v. United States, 964 F.2d 794, 796 (8th Cir. 1992).

In this case, Kayode never served a jail term and completed his one year probationary period long before his filing of the instant application. Therefore, he should be barred from seeking the requested relief and the Court should deny his application.

If the Court rejects the government's contention that the petitioner's application is nothing more than a mislabeled § 2255 petition, Kayode's application should still be denied and dismissed since he failed to satisfy the requirements for the issuance of a writ of coram nobis. The issuance of this writ is an extraordinary remedy allowed "only under circumstances

compelling such action to achieve justice." United States v. Morgan, 346 U.S. 502, 511 (1954). In fact, the United States Supreme Court went so far as to state that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate." Carlisle v. United States, 517 U.S. 416, 429 (1996).

When deciding whether to grant a writ of coram nobis, the Court should use a three part test which requires the petitioner to 1) explain his failure to seek relief from the judgment earlier; 2) to demonstrate continuing collateral consequences from the conviction; and, 3) to prove that the error is fundamental to the validity of the judgment. United States v. Sawyer, 239 F.3d 31, 38 (1st Cir. 2001). Furthermore, in the case of a conviction based upon a guilty plea, the petitioner must demonstrate the occurrence of an error of the most fundamental character that was relevant to the plea decision. Hager v. United States, 993 F.2d 4, 5 (1st Cir. 1993).

Here, the petitioner fails to satisfy at least two prongs of the test, that is, he neither provides the Court with a sufficient explanation for his failure to seek relief at an earlier time nor does he prove the existence of an fundamental error relevant to the plea decision. With regard to the delay, the defendant attempts to excuse his delay in filing a challenge to the validity of his plea and conviction by referencing the

fact that he has engaged in lengthy litigation relating to his immigration status and possible deportation. His involvement in that litigation relating to these collateral issues did not, however, in any way preclude him from filing a much earlier challenge to the validity of his plea. In fact, the petitioner does not point to a single newly discovered significant fact nor recently announced fundamental legal principle that would not have been available to him in 1990 or during the sixteen successive years thereafter.

Furthermore, the petitioner's claim that the Court has the latitude to construct some sort of remedy to "right a wrong" is equally without merit. The Ninth Circuit Court of Appeals, in an opinion specifically rejecting the holding of the Eastern District of Washington case relied on by the petitioner, stated that District Courts simply do not have jurisdiction to vacate convictions under the All Writs Act on solely equitable grounds. United States v. Bravo-Diaz, 312 F.3d 995, 997-98 (9th Cir. 2002).

Even assuming that the Court does have jurisdiction to vacate Kayode's conviction, the petitioner fails to provide sufficient legal justification to warrant such a remedy. Neither his challenge to the validity of the plea proceeding nor his attack upon the statute have any merit.

With regard to the plea proceeding, the petitioner relies upon semantics, and not legal argument, to support his allegations of legal deficiencies. A full reading of the plea transcript reveals that the combination of the prosecutor's description of the charge (plea transcript at p. 2), the prosecutor's summarization of the facts of the case (plea transcript at pp. 9-10), and the petitioner's acknowledgment of and agreement with all of those statements provide a more than adequate factual basis for the conviction. United States v. Cheal, 389 F.3d 35, 41-43 (1st Cir. 2004). Furthermore, a review of the entire plea transcript erases any doubt that the defendant both intended to and did enter a guilty plea on May 11, 1990. Lastly, with respect to any alleged failure to advise the petitioner of any possible immigration consequences, the fact that neither the petitioner's attorney nor the Court specifically advised him of this collateral consequence does not justify the vacation of the petitioner's plea and subsequent conviction. United States v. Gonzalez, 202 F.3d 20, 25 (1st Cir. 2000); Nunez Cordero v. United States, 533 F.2d 723, 726 (1st Cir. 1976).

As to petitioner's attack upon the statutory basis for his conviction, he argues that his false answer to a particular question on an immigration form is insufficient to support his conviction. In support of that argument, he relies on the Ninth Circuit case of United States v. Karaouni, 379 F.3d 1139 (9th

Cir. 2004), where the Court held that the introduction of evidence of a false answer to that same question on the same form alone was insufficient to justify a defendant's conviction for a violation of 8 U.S.C. § 911. That case, however, is factually distinct from the instant matter, in that here, after having been advised of the elements of the offense, the defendant pled guilty to the charge against him, thereby acknowledging that he did in fact falsely claim to be a United States citizen.

VII. CONCLUSION

The United States therefore requests that the petitioner's application be denied and dismissed.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephen G. Dambruch

Stephen G. Dambruch
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of January, 2007, a copy of the within Government's Response was served by way of the Electronic Case Filing system upon Richard K. Corley, Corley Tavares LLP, 127 Dorrance Street, Providence, RI 02903 (rkcorley@ctpllp.com).

/s/ Stephen G. Dambruch

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov