**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **C.A. No. 06-508T** |
| | ) | |
| **YEMI KAYODE** | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

While the government does not dispute petitioner Yemi Kayode's (Kayode) assertion that the Court could decide this matter on the pleadings, it does disagree with Kayode's argument that the appropriate outcome should be a judgment in favor of the petitioner. Rather, based upon both procedural and substantive grounds, the Court should enter judgment for the government by denying and dismissing Kayode's petition.[1]

## II. ARGUMENT

Coram nobis is an extraordinary remedy allowed only under circumstances compelling such action to achieve justice. United States v. Morgan, 346 U.S. 502, 511 (1954). Those compelling circumstances include an explanation of why the petitioner did

[1] The government incorporates by reference all of the arguments and assertions made in its previously filed Response to Defendant's Application for Writ.

not seek earlier relief from judgment, a showing that the petitioner continues to suffer significant collateral consequences from the judgment, and a demonstration that an error of the most fundamental character relevant to the plea decision occurred. Hager v. United States, 993 F.2d 4, 5 (1st Cir. 1993). With regard to that last factor, the error much be one that would render the proceeding itself irregular and invalid. United States v. Addonizio, 422 U.S. 178, 188 (1979). In fact, it is difficult to conceive of a situation in a federal court today where it would be either necessary or appropriate. Carlisle v. United States, 517 U.S. 416, 429 (1996).

A. Kayode Failed to Adequately Explain Filing Delay

Kayode has not provided a legally sufficient explanation for his failure to file his petition until more than sixteen years after his conviction became final. Even accepting, for the sake of argument, Kayode's assertion that the delay was attributable to his decision to litigate issues relating to the collateral immigration consequences of his conviction before the immigration authorities, that litigation resulted in a final adverse determination in November 1997 (see Kayode's Application for Writ at p. 7 and his Memorandum in Support of Motion for Summary Judgment at p. 4), more than nine years prior to his filing of the instant petition. Thus, the defendant still has not explained his failure to seek relief from judgment at an earlier

point in time, which is an essential predicate for the granting of his petition.

B. No Fundamental Error Occurred

The defendant also fails to demonstrate the existence of a second essential fact, that is, that an error of the most fundamental character relevant to his plea decision occurred. In order to be valid, his guilty plea must have been supported by enough evidence to provide a rational factual basis for that plea. United States v. Gandia-Maysonet, 227 F.3d 1, 6 (1st Cir. 2000). Therefore, the government need not have presented evidence sufficient to prove the defendant's guilt beyond a reasonable doubt; rather, the evidence must have provided just a rational basis for the plea of guilty to the crime charged. United States v. George, 436 F.Supp.2d 274, 279 (D.Mass. 2006). The Court may have found such a basis from either the government's presentation or the defendant's admissions. United States v. Cheal, 389 F.3d 35, 41-43 (1st Cir. 2004).

Here, the indictment charged Kayode with a federal crime and Kayode subsequently agreed to the underlying facts of that crime during his plea hearing on May 11, 1990, the sum total of which provided a more than adequate factual basis for Kayode's conviction. More specifically, Kayode stated that he had received a copy of the indictment, reviewed it with his attorney, and understood the nature of the charges being brought against

him (plea transcript at p. 5). Following his indication that he was satisfied with the representation of counsel, Kayode went on to affirm his agreement with the prosecutor’s recitation of the terms and conditions of the plea agreement (plea transcript at pp. 5-6) and the fact that his decision to plead guilty was a decision made of his own free will (plea transcript at p. 6). After listening to the prosecutor’s summary recitation of the facts of the case against him, Kayode acknowledged the truthfulness of those facts (plea transcript at p. 10) and admitted that the government could have proven those facts at trial (plea transcript at p. 11). Finally, at the sentencing hearing on July 12, 1990, the defendant apologized to the Court for his criminal conduct (sentencing transcript at p. 4).

## III. CONCLUSION

The United States therefore requests that this Honorable Court deny Kayode’s petition and enter judgment for the government.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephen G. Dambruch

Stephen G. Dambruch
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this the 7th day of July, 2008, a copy of the within Government's Response was served by way of the Electronic Case Filing system upon Richard K. Corley, Corley Tavares LLP, 127 Dorrance Street, Providence, RI 02903 (rkcorley@ctpllp.com).

/s/ Stephen G. Dambruch
STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov