UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

    v.                                           C.A. No. 06-508-T

YEMI KAYODE
    (a/k/a OLUYEMI O. KAYODE,
    a/k/a OLUROTIMI KAYODE)

**MEMORANDUM AND ORDER DISMISSING PETITION**

Ernest C. Torres, Senior United States District Judge

    Yemi Kayode has filed an "Application for Writ of Relief from Judgment or Alternatively Writ of Coram Nobis pursuant to Title 28 U.S.C. § 1651(a) - All Writs Act," seeking relief from a 1990 criminal judgment. For the reasons hereinafter stated, Kayode's Petition is denied and dismissed.

### Background

    In October 1988, Yemi Kayode, a citizen of Nigeria, applied for a job at Speciality Health Care in Providence, Rhode Island. As part of the application process, Kayode completed an INS Employee Eligibility Verification Form (an "I-9") on which he checked a box, falsely indicating that he was a "citizen or national of the United States."

    On May 11, 1990, Kayode pled guilty to falsely representing himself as a United States citizen, in violation of 18 U.S.C. § 911, and on July 12, 1990, the Court sentenced him to one year of probation and ordered him to pay a two hundred fifty dollar fine.

1

Kayode did not appeal his conviction and has long since completed his sentence.

Shortly thereafter, INS began proceedings to deport Kayode based on his conviction. Those proceedings lasted until 1997 when Kayode exhausted his appeals and a final deportation order was entered. Nine years later, on November 22, 2006, Kayode filed the instant Petition seeking to vacate his conviction.

### The Coram Nobis Petition

Kayode presents three reasons why he claims that his conviction should be overturned: (1) evidence that he represented himself to be a "citizen or national" of the United States was insufficient to convict him under Section 911 which prohibits false claims of citizenship but not false claims of being a United States national; (2) he never pled guilty to the offense described in Section 911; and (3) the Court did not specifically advise him that deportation could be a consequence of his guilty plea. In addition, Kayode asserts that deportation would prevent him from obtaining adequate medical care for his son, an American citizen who suffers from sickle cell anemia.

The Government argues that Kayode's application should be construed as a motion under 28 U.S.C. § 2255, and, should be denied because it is time-barred. Alternatively, the Government argues if Kayode's application is treated as a Writ of Coram Nobis, it should be denied on the merits.

2

## Analysis

I.  Characterization of the Petition

By its terms, § 2255 applies only to individuals who are "in custody." See 28 U.S.C. § 2255(a). See also United States v. Barrett, 178 F.3d 34, 54 (1st Cir. 1999)(citing United States v. Morgan, 346 U.S. 502, 503-04, 74 S. Ct. 247, 98 L.Ed. 248 (1954)). Since Kayode completed his sentence nearly 16 years ago, the Court will treat his petition as one for a Writ of Coram Nobis.

II. Writs of Coram Nobis

At common law, Writs of Coram Nobis were utilized by courts to correct their own mistakes of fact. United States v. Sawyer, 239 F.3d 31, 37 (1st Cir. 2001). In criminal cases, use of the writ was extended to correct errors of law, as well, but only with respect to "'that very small number of legal questions which concerned the regularity of the proceeding itself.'" Id. (quoting United States v. Mayers, 235 U.S. 55, 68, 35 S.Ct. 16, 59 L.Ed. 129 (1914)). Because the All Writs Act, 28 U.S.C. § 1651(a), vests federal courts with authority to grant writs that traditionally were available at common law, Writs of Coram Nobis still may be utilized even though the requirements for issuing them seldom are satisfied.

A Writ of Coram Nobis is "essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction." United States v. Mandanici, 205 F.3d 519, 524 (2d

Cir. 2000) (citing <u>Fleming v. United States</u>, 146 F.3d 88, 89-90 (2d Cir. 1998)(per curiam)). It is "'not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid.'" <u>Mandanici</u> at 524 (quoting <u>Foont v. United States</u>, 93 F.3d 76, 78 (2d Cir. 1996)). In reviewing a petition for the writ, "a court must presume that the proceedings were correct, and the burden of showing otherwise rests on the petitioner." <u>Mandanici</u> at 524 (citing <u>Nicks v. United States</u>, 955 F.2d 161, 167 (2d Cir. 1992)).

In order to obtain relief from a criminal conviction by means of a Writ of Coram Nobis, a petitioner must (1) explain why he did not seek relief from his conviction earlier; (2) demonstrate continuing collateral consequences from the conviction; and (3) establish an error fundamental to the validity of the judgment. <u>Mandanici</u> at 524.

A. <u>Delaying Seeking Relief</u>

Kayode claims that he did not seek relief earlier because his deportation proceedings were not concluded until 1997 and that following the exhaustion of his immigration proceedings, he unsuccessfully sought a legislative bill to prevent his deportation. (Petr.'s Br. 3). Kayode, also, states that the conviction did not affect him until 2006 when his employment was terminated as a result of the final order of deportation.

However, in making those arguments, Kayode confuses the delay in seeking relief from his <u>conviction</u> with delay in seeking relief from the collateral <u>consequences</u> of his conviction. As already noted, Kayode did not file his petition until 16 years after conviction and nine years after a final order of deportation was entered. Even if one accepts the proposition that the timeliness of Kayode's petition should be measured from the date on which the collateral consequences of conviction first attached, it is difficult to see any justification for Kayode's delay. Consequences attached both in 1990, when Kayode was placed on one year probation and fined $250, and, again, in 1997, when the conviction resulted in the issuance of a final order of deportation.

B. <u>Fundamental Error</u>

Kayode also has failed to demonstrate the kind of fundamental error required to obtain coram nobis relief. He argues that his guilty plea was fundamentally defective because the sole evidence against him was his I-9 card wherein he indicated he was a "citizen <u>or</u> national" of the United States and because, at the plea hearing, the Government's proffer was that Kayode "signed the form and represented on this form I-9 that he, in fact, was a citizen <u>or</u> <u>national</u> of the United States which was false." (Plea Tr. 10)(Emphasis added). Kayode points out that Section 911 makes it unlawful to falsely represent oneself as a <u>citizen</u> of the United

5

States but that falsely representing oneself as a United States national is not a violation of the statute. See 18 U.S.C. § 911 (emphasis added).

However, the indictment charged that Kayode "did falsely and willfully represent himself to be a citizen of the United States ... on a Form I-9", and Kayode pled guilty to that charge. It is well established that a guilty plea is valid if supported by "enough evidence so that the plea has a rational basis in fact[]." United States v. Gandia-Maysonet, 227 F.3d 1, 6 (1st Cir. 2000). Here, the offense described in the indictment, together with the facts alluded to during the plea hearing, provided a rational basis for concluding that Kayode falsely and willfully represented himself to be a citizen of the United States.

Kayode's argument that his conviction is invalid because the Court failed to advise him that it might lead to his deportation also is without merit. Although this Court, now, routinely informs non-citizen defendants who propose to plead guilty to criminal charges that conviction may have adverse immigration consequences, the failure to inform a defendant of such a possibility does not amount to a fundamental defect in the defendant's conviction. See United States v. Gonzalez, 202 F.3d 20, 25, 28 and n. 5 (1st Cir. 2000) (finding that counsel's or a Court's failure to advise a defendant of potential immigration consequences of a guilty plea is insufficient ground to require the withdrawal of a plea).

6

C. <u>Hardship</u>

To the extent that Kayode seeks relief on the ground that deportation is unfair or will result in a hardship, it goes well beyond the scope of a Writ of Coram Nobis. In effect, it amounts to a collateral attack on the decision by immigration authorities based on a determination by Congress regarding the grounds for deportation. Vacating a conviction on the ground that a federal court thinks it is unfair that an alien will be deported as a result of that conviction "'usurp[s] the power of Congress to set naturalization and deportation standards and the power of the [Department of Homeland Security] to administer those standards in each individual case.'" <u>Doe v. INS</u>, 120 F.3d 200, 204 (9th Cir. 1997)(quoting <u>United States v. Reyes</u>, 945 F.2d 862, 866 (5th Cir. 1991)). "Congress has the power to create collateral consequences of a criminal conviction" and federal courts do not have "jurisdiction to vacate those convictions when that consequence is deemed inequitable." <u>United States v. Bravo-Diaz</u>, 312 F.3d 995, 998 (9th Cir. 2002).

## Conclusion

For all of the foregoing reasons, Kayode's application for a Writ of Coram Nobis is denied.

IT IS SO ORDERED.

_____
Ernest C. Torres
Senior United States District Judge
Date: 1/2/09

_____
Ernest C. Torres